UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC.,<br><br>    Plaintiff,<br><br>   -vs-<br><br>NOEMI SOTELO OCAMPO and "JOHN DOE"<br>OCAMPO, Individually, and d/b/a<br>Super Mini La More Lense,<br><br>    Defendants/Counterclaimants/<br>    Third Party Plaintiffs,<br><br>   -vs-<br><br>DIRECTV, INC., a foreign<br>corporation doing business in the<br>State of Washington,<br><br>    Third Party Defendant. | NO.  CV-04-3078-LRS<br><br>ORDER DENYING MOTION TO<br>DISMISS |

Pending before the Court is Third Party Defendant DIRECTV's Motion to Dismiss Third Party Claims Pursuant to Fed.R.Civ.P. 12(b)(5) and 12(b)(6), filed June 9, 2005 (Ct. Rec. 18). The motion is without oral argument and has been opposed by the Third Party Defendants.

**I. BACKGROUND**

On July 9, 2004, plaintiff Garden City Boxing Club, Inc. (plaintiff) filed a complaint against defendants Noemi Sotelo Ocampo and John Doe Ocampo, individually and d/b/a Super Mini La More Lense (collectively

ORDER DENYING MOTION TO DISMISS - 1

"Ocampos") alleging that the defendants illegally and without proper license viewed and displayed a September 14, 2002 boxing match between Oscar De La Hoya and Fernando Vargas. Freeman Decl., ¶ 2.

On December 7, 2004, approximately five months after being served with the complaint, and after obtaining leave of court, Ocampos filed an answer to plaintiff's complaint. Ocampos answer included a third party complaint alleging facts and claims against DIRECTV, Inc., the Third Party Defendant. Specifically, Ocampos asserted two claims against DIRECTV: breach of contract and negligence. Id. at ¶¶3-5.

Ocampos did not serve the third party complaint on DIRECTV until May 2, 2005, 146 days after the filing of the complaint against DIRECTV. A certified mailing was sent to DIRECTV's registered agent, located in Seattle, Washington. Id. at ¶6.

## II. LEGAL STANDARD

DIRECTV moves the Court to dismiss the third party complaint pursuant to Fed. R.Civ.P. 12(b)(5) and (6), for failure to serve the complaint within the time period prescribed by Fed.R.Civ.P. 4(m) and for failure to state a claim upon which relief can be granted.

Once a defendant has served a third-party complaint the claim it interposes is to be treated as a separate dispute and the third-party defendant may assert any defenses to it that are available to him. Thus, not only is the third-party plaintiff's claim subject to dismissal directly under Rule 14(a), but it also may be challenged by the impleaded party on one of the grounds set forth in Rule 12 or by a motion for summary judgment.

/ / /

A.  Rule 4(m) Legal Standard

The Court first examines Rule 12(b)(5) in conjunction with Rule 4(m).

> **Rule 12**. Defenses and Objections--When and How Presented--By Pleading or Motion--Motion for Judgment on Pleadings
> (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, . . .

Fed.R.Civ.P. 12(b)(5).

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> **Rule 4(m)**. Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed.R.Civ.P. 4(m).

Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. See Fed.R.Civ.P. 4(m); *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir.1995). First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period. *Id.*

ORDER DENYING MOTION TO DISMISS - 3

The plain language of Rule 4(m) broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause. *See Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995). "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." FED.R.CIV.PROC. 4, 1993 Advisory Committee Notes.

The Ninth Circuit has found it "unnecessary ... to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," and has "note[d] only that, under the terms of the rule, the court's discretion is broad." *In re Sheehan*, 253 F.3d 507 (9th Cir. 2001). District courts in the Ninth Circuit have exercised their discretion to extend the time for service where defendants "have not suffered any prejudice resulting from the delay" and where the extension will give plaintiffs "an opportunity to litigate the merits of this action, a desirable goal." *Matasareanu v. Williams*, 183 F.R.D. 242, 247 (C.D.Cal.1998).

B.  Rule 12(b)(6) Legal Standard

DIRECTV additionally or alternatively moves the Court to dismiss the third party complaint pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. This rule states in pertinent part:

> **Rule 12**. Defenses and Objections--When and How Presented--By Pleading or Motion--Motion for Judgment on Pleadings
> (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the

ORDER DENYING MOTION TO DISMISS - 4

>     option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted, . . .
>     If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b)(6).

In ruling on a motion to dismiss pursuant to FRCP 12(b)(6), the Court takes all factual allegations set forth in the complaint as true and views them in the light most favorable to the plaintiff. See, e.g., *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir.2002). A complaint or claim may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of the complaint or claim that would entitle him or her to relief. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). The issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the complaint or claim. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997).

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non- moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.1998) (citation omitted). However, the court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual

allegations in plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994). There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). " Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir.1995).

### III. DISCUSSION

A. DIRECTV'S POSITION IN SUPPORT OF RULE 12(b)(5) DISMISSAL

DIRECTV presents the following arguments as to why this Court should exercise its discretion under Rule 4(m) and dismiss the claims against it. DIRECTV complains that during the time between Ocampos' filing of the Third Party Complaint and the service upon DIRECTV, several significant dates/deadlines expired. Ct. Rec. 19, at 3. Specifically, the Court held a telephonic scheduling conference with the named parties on March 4, 2005. As DIRECTV had not yet been served, it states it was not afforded an opportunity to participate in the scheduling conference. Secondly, and pursuant to the scheduling conference, Fed.R.Civ.P. 26(a) Initial Disclosures were to be served among the parties by April 29, 2005 which was before DIRECTV was served with the third party complaint on May 2, 2005. DIRECTV, therefore, was unable to comply with the Court's scheduling order. Id. DIRECTV complains that it was not served with any other party's initial disclosures. Id. DIRECTV concludes that Ocampos

failure to serve it within the 120 days was based on lack of diligence. Id. at 7. DIRECTV additionally comments that the statute of limitations does not appear to be an issue with Ocampos' claims.

Ocampos, in opposing the motion, argue that any delay in this litigation flows from their desire and good faith attempts to settle this matter without further litigation. Ct. Rec. 26, at 2. In fact, Ocampos state, a settlement has been reached and all that remains of this case is the review of proposed settlement documents.

### B. DIRECTV'S POSITION IN SUPPORT OF RULE 12(b)(6) DISMISSAL

DIRECTV makes a further attempt to have the claims against them dismissed pursuant to Rule 12(b)(6). DIRECTV argues in the alternative that Ocampos' claims against it for breach of contract and negligence should each be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

DIRECTV states that "the Ocampos can show no set of facts to support their claims (1) DIRECTV was contractually obligated to advise the Ocampos that they needed a 'business contract' instead of a 'consumer contract,' and (2) DIRECTV breached any such obligation." Ct. Rec. 19, at 9. Similarly, DIRECTV argues that "Ocampos' claim for negligence should be dismissed because (1) the Ocampos can show no set of facts to support their claim that DIRECTV owed the Ocampos a duty to prevent the Ocampos from being involved in litigation; and (2) the Ocampos can show no set of facts to support their claim that DIRECTV breached any such duty. Id. at 10.

Ocampos argue in opposition that the third party complaint, which sounds in tort and contract, clearly provides sufficient basis for a

claim. Ct. Rec. 26, at 3. Further, the law is clear that dismissal is proper on Rule 12(b)(6) grounds only when no set of facts could support a claim. Id.

### C. OCAMPOS HAVE SHOWN GOOD CAUSE

The Advisory Committee Notes to the 1993 Amendments to Rule 4(m) highlight the significant difference between Rule 4(m), as amended, and its predecessor, Rule 4(j):

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

There is limited appellate authority interpreting Rule 4(m); however, the authority that does exist does not support DIRECTV's position. As stated by the Third Circuit Court of Appeals in a well-reasoned and thorough discussion of Rule 4(m): "We read the new rule to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger, GMBH Ausdereitungsanlagen*, 46 F.3d 1298, 1305 (3d Cir.1995) (emphasis added); *see also Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir.1995) ("The plain language of Rule 4(m) ... broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause."). In explaining its rationale, the Third Circuit noted:

> [W]e find that the plain language of the rule itself explains that in all cases, the court has the option of

ORDER DENYING MOTION TO DISMISS - 8

> dismissing the action or extending time for service. The fact that the word 'shall' is used along with the disjunctive 'or' in the first clause indicates that the court has discretion to choose one of these options. As an exception to this general provision, the second clause notes that if good cause exists, the district court has no choice but to extend time for service. Thus, the logical inference that can be drawn from these two clauses is that the district court may, in its discretion, extend time even absent a finding of good cause.

*Petrucelli*, 46 F.3d at 1305.

The Third Circuit then proposed the following procedure when determining whether to extend time beyond 120 days for service of process:

> First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, then the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

*Petrucelli*, 46 F.3d at 1305; *See also Espinoza*, 52 F.3d at 841.

Initially, the Court considers whether Ocampos have established good cause for their failure to serve DIRECTV within 120 days of filing the complaint. DIRECTV was served within 146 days. The Ninth Circuit has characterized good cause, at a minimum, as "excusable neglect." *Electrical Specialty Co. v. Road Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir.1992); *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991).[1] The good cause exception applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse

---

[1] The Court recognizes that these cases were decided prior to the 1993 Amendments to Rule 4. These cases, however, provide some guidance nevertheless.

ORDER DENYING MOTION TO DISMISS - 9

the failure to serve. *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir.1992).

  The Court finds that Ocampos' failure to timely serve can be characterized as good cause. Ocampos stated, and the Court recalls, that an extension to the scheduling conference was requested by Ocampos' counsel based on continuing good faith efforts to settle the matter without further litigation. Ct. Rec. 10. Ocampos indicate that they have been in active settlement negotiations with plaintiff up until or about June 17, 2005, at which time the matter was deemed settled. Ct. Rec. 26, at 2. Ocampos report that currently they are reviewing proposed settlement documents. Thus, all delays flow from Ocampos' desire and attempts to settle this matter without further litigation. Id.

  The Court finds that DIRECTV has not demonstrated that it will suffer prejudice if the time for service is extended in this case. For instance, the Court could very well vacate the dates previously set in the scheduling order if DIRECTV or any other party requests or stipulates to do so. The Court was informed in this case that the parties were working towards a settlement of the matter. Moreover, adequate time remains before the current discovery cut-off date (November 28, 2005) and the deadline to add new parties (November 14, 2005); thus, DIRECTV will have ample opportunity to prepare its defense for trial. Given the fact that DIRECTV will have adequate time to mount a defense, the court concludes that it is preferable to resolve Ocampos' claims against them on the merits, should this matter not be resolved through the tentative settlement reported by Ocampos. The Court, therefore, denies DIRECTV's

///

motion to dismiss on grounds of failure to timely serve the summons and complaint.

As to the argument for dismissal based on a failure to state a claim upon which relief may be granted, the Court finds DIRECTV's argument premature in light of its position that it has been unfairly disadvantaged by not having the opportunity to receive and review initial disclosures and any discovery in this case. (Ct. Rec. 19, at 7-8).

Accordingly,

**IT IS ORDERED:**

1. Third Party Defendant DIRECTV's Motion to Dismiss Third Party Claims Pursuant to Fed.R.Civ.P. 12(b)(5) and 12(b)(6), filed June 9, 2005, Ct. Rec. 18, is **DENIED**.

2. To the extent not completed, Rule 26(a)(1) disclosures shall be made by all parties on or before **August 26, 2005.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 8th day of August, 2005.

*s/Lonny R. Suko*

          LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS - 11